# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOBANNI PERALTA | ) | CIVIL ACTION |
| | ) | |
| Plaintiff | ) | No. 3:22-cv-02069 |
| v. | ) | (Chief MJ Karoline Mehalchick) |
| | ) | |
| UGI UTILITIES, INC., LEEWARD | ) | |
| CONSTRUCTION, INC. AND | ) | |
| QUALITY INTEGRATED | ) | |
| SERVICES, INC. | ) | |
| Defendants | ) | |

## MOTION FOR REMAND DUE TO LACK OF SUBJECT MATTER JURISDICTION

Now comes the Plaintiff in the above captioned matter, by and through his attorneys, Gregory J. Pascale and Needle Law, P.C., and moves this court to remand this action to the Court of Common Pleas of Lackawanna County, for lack of subject matter jurisdiction, as follows:

1. Plaintiff, Jobanni Peralta, commenced a civil action against UGI Utilities, Inc. (hereinafter UGI), Leeward Construction, Inc., and Quality Integrated Services, Inc on or about 12/19/22 in the Court of Common Pleas of Lackawanna County, Pennsylvania, to number 2022 Civil 5252, by filing a Praecipe for issuance of a Writ of Summons (hereinafter Writ of Summons or Writ), as permitted by Pa. R.C.P. 1007. A true and correct copy of Plaintiff's Writ of Summons is attached to Defendant's Notice of Removal as Exhibit 1.

2. No Complaint or other pleading was filed in the action, but on 12/29/22 Defendant UGI Utilities, Inc. filed a Notice of Removal of this action to the Federal District Court for the Middle District of Pennsylvania. There it was given Case no. 3:22-cv-02069 and assigned to the Honorable Chief Magistrate Judge Karoline Mehalchick.

3. The Notice of Removal by Defendant UGI Utilities, Inc. acknowledges that only a Writ of Summons had been filed in Plaintiff's state court action, see e.g. paragraphs 2 and 21, and a copy of the Writ of Summons was attached to the Notice of Removal.

4. The Notice of Removal by Defendant UGI Utilities, Inc. asserts Diversity of Citizenship under 28 U.S.C. 1332 as the basis for removal. UGI states its opinion on what the action may be about or what it may be worth. UGI asserts that the Plaintiff alleged in the Writ of Summons that he is a citizen of New York; that that Defendant UGI is a citizen of Pennsylvania; that Defendant Leeward Construction is a citizen of Pennsylvania; and, that Defendant Quality Integrated Services is a citizen of Oklahoma. However, that is not true. The Writ of Summons filed by Plaintiff does not make any allegation or averment of fact concerning any party's citizenship or concerning the cause(s) of action that may be involved. The document contains two sentences. The first requests the issuance of a writ and the second notifies the named Defendants that Plaintiff has commenced a civil action against them. Further, there is no requirement or direction in the Pennsylvania Rules of Civil Procedure that gives or implies significance to the addresses or other information on the document. See Pa. R.C.P. 1007, 1351, 1018.

5. The typical absence of information, beyond A has sued B, in a Writ of Summons is a principal reason a Writ is insufficient to establish a Federal Court's subject matter jurisdiction over the action. As stated by the Courts in this Circuit, a Court "cannot find in the Writ of Summons a case or controversy sufficient to satisfy the requirements of Article III of the Constitution and statutes and rules establishing [a federal court's] jurisdiction." Gervel v. L & J Talent, 805 F.Supp. 308, 309 n.4 (E.D. Pa. 1992).

6. Although, in paragraph 21 of the Notice of Removal, Defendant UGI Utilities, Inc. refers to the Writ of Summons as an "initial pleading", a Writ of Summons is not a pleading under the Pennsylvania Rules of Civil Procedure, see Pa. R.C.P. 1017, and is not an "initial pleading" that triggers the thirty (30) day period for removal under the first paragraph of 28 U.S.C. §1446(b). E.g. Sikirica v. Nationwide Insurance Company, 416 F.3rd 214, 223 (3d Cir. 2005).

7. Removal of an action from state court is not proper until a complaint has been filed. E.g. In re. Avandia Marketing, Sales Practices and Product Liability Litigation, 941 F. Supp. 2d. 568, 571 (E.D. Pa. 2013).

8. Defendant's removal of the instant action was premature and this Court lacks subject matter jurisdiction over this action, since nothing was filed by Plaintiff except a Writ of Summons, before or since the action was removed, until the filing of this Motion.

9. 28 U.S.C. 1447(c) directs the remand of an action when it appears the District Court lacks subject matter jurisdiction.

10. Plaintiff is requesting that this Court remand this action to the Court of Common Pleas of Lackawanna County, due to this Court's lack of subject matter jurisdiction.

WHEREFORE, Plaintiff is requesting that this Court remand this action to the Court of Common Pleas of Lackawanna County since this Court lacks subject matter jurisdiction over the instant matter.

Dated: 01/13/23

Respectfully Submitted By (s) *Gregory J. Pascale*
Gregory J. Pascale, Esquire
ID No. 46154
E mail: greg@needlelawfirm.com
Nicholas S. Mattise, Esquire
ID No. PA 30937
E mail: nick@needlelawfirm.com
Needle Law, P.C.
240 Penn Avenue, Suite 202
Scranton, PA 18503
Phone: 570-344-1266
Fax: 570-344-1415
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOBANNI PERALTA** | ) | **CIVIL ACTION** |
| | ) | |
| Plaintiff | ) | **No. 3:22-cv-02069** |
| v. | ) | **(Chief MJ Karoline Mehalchick)** |
| | ) | |
| **UGI UTILITIES, INC., LEEWARD CONSTRUCTION, INC. AND QUALITY INTEGRATED SERVICES, INC.** | ) ) ) ) ) | |
| Defendants | ) | |

## ORDER

Pursuant to Motion for Remand of the Plaintiff, this Court hereby remands this action to the Court of Common Pleas of Lackawanna County. Since only a Writ of Summons has been filed, removal was premature and this Court lacks subject matter jurisdiction over the instant case.

By the Court:

_____ J

## CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE

The undersigned, Attorney for Plaintiff in this matter, herby certifies the following:

That I have provided opposing counsel for the Defendants, as identified in the Certificate of Service, with a copy of the attached MOTION FOR REMAND DUE TO LACK OF SUBJECT MATTER JURISDICTION; and sought their concurrence.

Opposing Counsel DO NOT CONCUR in the MOTION or the RELIEF that it requested;

Respectfully submitted,

*Gregory J. Pascale, Esquire*

Gregory J. Pascale, Esquire
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Gregory J. Pascale, Esquire, hereby certify that a true and correct copy of Plaintiff's Motion for Remand Due to Lack of Subject Matter Jurisdiction was filed electronically with the Court and is available for viewing and downloading from the ECF by Defense Counsel of Record and was served on Counsel of Record or otherwise known to be Counsel for each of the Defendants electronically, as follows:

**For UGI Utilities, Inc.**
Anthony M. Knapp
Post & Schell, P.C.
Tower 6
600 Hamilton Street
Suite 200
Allentown, PA 18101
(Phone) 610-774-0335
(Fax)    484-375-0241
aknapp@postschell.com

Daniel S. Altschuler
Post & Schell, P.C.
Four Penn Center
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(Phone)215-587-1107
(Fax) 215-320-4143
daltschuler@postschell.com

**For Quality Integrated Services, Inc.**
William E. Schaefer, Esquire
Hendrzak & Lloyd
3701 Corporate Parkway, Suite 100
Center Valley, Pennsylvania 18034
Office: 610-709-8577
Facsimile: 610-709-8560
Email: william.schaefer@zurichna.com

**For Leeward Construction Inc.**
<u>Alison C. Fleming, Esq.</u>
Fowler Hirtzel McNulty & Spaulding, LLP
Three Logan Square
1717 Arch Street, Suite 1310
Philadelphia, PA 19103
<u>(215) 607-3892</u> (Phone)
<u>(215)-253-4151</u> (Fax)
afleming@fhmslaw.com

Dated: <u>01/13/23</u>

        Submitted By    (s) *Gregory J. Pascale*
                                  Gregory J. Pascale, Esquire
                                  ID No. 46154
                                  E mail: greg@needlelawfirm.com
                                  Nicholas S. Mattise, Esquire
                                  ID No. PA 30937
                                  E mail: nick@needlelawfirm.com
                                  Needle Law, P.C.
                                  240 Penn Avenue, Suite 202
                                  Scranton, PA 18503
                                  Phone: 570-344-1266
                                  Fax:  570-344-1415
                                   Attorneys for Plaintiff

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Dated: 01/13/23

        Submitted By    (s) *Gregory J. Pascale*
                                 Gregory J. Pascale, Esquire
                                 ID No. 46154
                                 E mail: greg@needlelawfirm.com
                                 Nicholas S. Mattise, Esquire
                                 ID No. PA 30937
                                 E mail: nick@needlelawfirm.com
                                 Needle Law, P.C.
                                 240 Penn Avenue, Suite 202
                                 Scranton, PA 18503
                                 Phone: 570-344-1266
                                 Fax: 570-344-1415
                                 Attorneys for Plaintiff